COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Overton


COUNTY OF CHESTERFIELD

MEMORANDUM OPINION[*]
v.   Record No. 1696-96-2              PER CURIAM
                                     DECEMBER 17, 1996
ARTHUR L. SCOTT


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Steven L. Micas, County Attorney; Michael P.
            Kozak, Assistant County Attorney, on briefs),
            for appellant.

            (Laura L. Geller; McDonald & Snesil, P.C., on
            brief), for appellee.



     County of Chesterfield ("employer") contends that the

Workers' Compensation Commission ("commission") erred in

(1) finding that employer failed to prove that Arthur L. Scott's

("claimant") post-August 2, 1995 disability was not causally

related to his compensable May 16, 1995 injury by accident;

and (2) in denying employer's petition requesting that the

commission consider Dr. David Muron's February 5, 1996 report as

after-discovered evidence. Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit. Accordingly, we summarily affirm the commission's

decision. Rule 5A:27.

                                I.

     On appeal, we view the evidence in the light most favorable

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to the party prevailing below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying employer's change in condition application, the commission found as follows:

> The employer has not met [its] burden. Dr. Muron diagnosed two conditions, an avulsion fracture and avascular necrosis and his reports establish disability after the accident from these conditions. While surgery on August 2, 1995 was for the necrosis, there is nothing in Dr. Muron's reports that states the injury from the fracture had healed by the surgery or that disability after the surgery was caused exclusively by the claimant's pre-existing necrosis.
> Dr. Muron's statement that the claimant was disabled from work until the surgery is ambiguous – it might mean that disability from the fracture had ended or it might mean that disability after the surgery was predominately caused by the necrosis. In view of this conflict, we cannot say the

2

employer has met its burden of proof.

Based upon the lack of any persuasive opinion from Dr. Muron concerning the cause of claimant's post-August 2, 1995 disability, we cannot say as a matter of law that the commission erred in finding that the medical evidence was not sufficient to justify terminating claimant's disability award and that employer failed to meet its burden of proving that there was no causal link between claimant's current disability and his work-related injury. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

## II.

As the party seeking to reopen the record on the basis of after-discovered evidence, employer bore the burden of proving that "(1) the evidence was obtained after the hearing; (2) it could not have been obtained prior to hearing through the exercise of reasonable diligence; (3) it is not merely cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result before the commission." Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995).

In denying employer's petition, the commission stated as follows:

> The employer asks us to admit Dr. Muron's February 5, 1996 office note. This report does not qualify as after-discovered

> evidence. Dr. Muron's opinion concerning the necrosis and compensability could have been obtained before the Deputy Commissioner closed the record. Moreover, even if it were admitted and relevant, it would not change the result. This report supports our finding that the employer is not responsible for the necrosis. It does not overcome the failure of the evidence to establish that the claimant was no longer disabled from the May 16, 1995 industrial accident.

Credible evidence supports these findings. Claimant had been treating with Dr. Muron since the time of his industrial accident. The surgery for claimant's necrosis took place in August 1995 and the record on employer's change in condition application was not closed until January 26, 1996. Based upon this record, the commission could reasonably conclude that employer had ample opportunity to obtain Dr. Muron's opinion before the record closed. Moreover, the February 5, 1996 office notes would not change the result reached by the commission. The office notes confirmed that claimant's necrosis was not work-related, but they did not address the issue of whether claimant's continuing disability was caused in whole, or in part, by his work-related injury. Because employer did not satisfy the second and fourth prongs of the Williams test, the commission did not err in denying employer's petition to receive after-discovered evidence.

For these reasons, we affirm the commission's decision.

Affirmed.

4