**Norfolk**

JAMES D. WILLIAMS

v.

PEOPLE'S LIFE INSURANCE COMPANY, et al.

No. 2262-93-1

Decided January 17, 1995

COUNSEL

Karen M. Rye, for appellant.

P. Dawn Bishop (Sands, Anderson, Marks & Miller, on brief), for appellees.

OPINION

**KOONTZ, J.**—James D. Williams (Williams) appeals a decision of the Virginia Workers' Compensation Commission (commission) which (1) denied his request to reopen the record and receive additional medical evidence; (2) affirmed a deputy commissioner's award of an additional one percent of permanent partial disability to Williams' left leg as a result of his leg being injured in a work related injury; and (3) denied as time barred Williams' application for reinstatement of temporary total disability benefits. Finding no error, we affirm.

The pertinent facts are not in dispute. Williams suffered an injury by accident to his left knee on November 23, 1981 while employed as an agent of People's Life Insurance Company (People's). The present claim arises out of Williams' application for an increase in the award of permanent partial disability benefits for loss of function to his left leg. Williams was originally rated at a fifty percent loss of function to the left leg on February 7, 1986 and received a commensurate award for that disability on June 12, 1986.

On October 12, 1989, Williams filed notice with the commission seeking an increase in his permanent partial disability and resumption of temporary total disability benefits. People's denied liability and Williams was directed to submit medical evidence in

support of his claim. On July 12, 1991, Williams filed medical reports dated August 11, 1989 and November 29, 1989, respectively, from Dr. Craig A. Ryder. After a delay because of administrative errors, the matter was submitted on the record to a deputy commissioner on March 18, 1993. After reviewing the medical evidence, the deputy commissioner found that Williams had sustained an additional one percent total disability to the left leg and ordered a commensurate award on April 9, 1993.

On April 28, 1993, Williams sought a review by the commission and simultaneously petitioned the commission to reopen the record to receive additional medical evidence. Williams sought to have the commission consider Dr. Ryder's April 9, 1993 medical report, which rated the disability of Williams' left leg at ninety percent. In its opinion, the commission denied Williams' request to reopen the record, stating that he failed to demonstrate that the proffered evidence could not have been obtained through the exercise of due diligence prior to the deputy commissioner's hearing on March 18, 1993. Accordingly, the commission affirmed the award of one percent additional disability.

The standard for reviewing petitions to reopen the record to receive after-discovered evidence is the same before the commission as it is before a trial court. *See Rules of the Workers' Compensation Commission* 3.3 (former Rule 2(C)). The opportunity and temptation for fraud which accompany a motion to receive after-discovered evidence require that such a motion be approached guardedly. *See Whittington v. Commonwealth*, 5 Va. App. 212, 216, 361 S.E.2d 449, 452 (1987) (similar standard applied to motion for new trial). The four requirements which must be met before the record will be reopened on the basis of after-discovered evidence are that: (1) the evidence was obtained after the hearing; (2) *it could not have been obtained prior to hearing through the exercise of reasonable diligence*; (3) it is not merely cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result before the commission. *See id.*

Williams' reliance on *Mize v. Rocky Mount Ready Mix*, 11 Va. App. 601, 401 S.E.2d 200 (1991), for the proposition that the commission errs when it refuses to receive additional evidence *produced* after a deputy commissioner's hearing is misplaced. In *Mize*, the claimant sought to introduce new medical evidence which had *developed* "[d]uring the time pending review." *Id.* at

604, 401 S.E.2d at 201. Accordingly, the medical evidence in *Mize* could not have been *produced* through the exercise of due diligence prior to the deputy commissioner's hearing. We held that where the commission's determination of a change of condition application would bar consideration of such evidence in a subsequent application under the doctrine of *res judicata*, it was error for the commission to refuse to reopen the record on the erroneous assumption that such evidence would not be barred. *Id.* at 615, 401 S.E.2d at 208.

Here, the commission concluded that because the April 9, 1993 medical report submitted with the petition showed that Williams had complained of increased pain for approximately one year prior to receiving the increased disability rating, he had failed in his duty to show that he had exercised reasonable diligence. We agree. As the party seeking to reopen the record, the burden rested with Williams to show that the proffered evidence could not have been obtained prior to the hearing. We cannot say that the commission erred in finding that he had not met that burden.

In a separate communication with the commission dated April 14, 1993, Williams requested that the issue of resumed temporary total disability benefits be placed on the hearing docket as this issue had not been addressed by the deputy commissioner following the original hearing. Prior to the review granted by the commission, the deputy commissioner, by letter dated May 3, 1993, denied Williams' request on the ground that the claim for resumed benefits had not been filed within the required statutory period of one year following the last date for which payment was made. *See* Code § 65.2-501. The commission, referring to this letter opinion, denied resumption of temporary total disability on the ground that Williams' claim was time barred.

Williams asserts that the commission erred in applying the limitation period of Code § 65.2-501, alleging that his application for resumption of temporary total disability is an application for a change in condition and is governed by the limitation period found in Code § 65.2-708. We disagree.

We recognize that it is possible to assert an entitlement to temporary total disability benefits following payment of permanent partial disability benefits under a change of condition theory. *Armstrong Furniture v. Elder*, 4 Va. App. 238, 242, 356 S.E.2d

614, 616 (1987) (construing corresponding sections of former Title 65.1). Our decision in *Armstrong Furniture* does not, as Williams asserts, stand for the proposition that any change in condition transfers an application for renewed temporary total disability benefits from Code § 65.2-501 to Code § 65.2-708. As we stated in *Armstrong Furniture*, "the proper inquiry is simply whether there has been a 'change in condition' or an 'incapacity to work' at the time payments cease. . . . Thus, the one year limitation period of [Code § 65.2-501] is triggered . . . by a *continued* incapacity to work." *Id.* (emphasis added).

The claimant in *Armstrong Furniture* was continuously employed prior to her change in condition and was thereafter found to be unable to work. *Id.* at 240, 356 S.E.2d at 615. Here, the record is clear that Williams' incapacity to return to gainful employment predated the increase in his permanent partial disability. In fact, Williams asserts on brief that he has remained incapable of seeking employment following the accident. Accordingly, the one-year limitation period of Code § 65.2-501 applied and the commission did not err in finding that Williams' application for renewed benefits was untimely.

For these reasons we affirm the commission's award of an additional one percent loss of function to Williams' left leg and the denial of renewed temporary total disability benefits.

*Affirmed.*

Baker, J., and Bray, J., concurred.