COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

JAMES RALPH CARTER

v.   Record No. 0891-95-3                      MEMORANDUM OPINION[*]
                                                  PER CURIAM
PITTSYLVANIA COUNTY SHERIFF'S DEPARTMENT        OCTOBER 3, 1995

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Ronald D. Henderson; Pendleton, Martin, Henderson &
                Garrett, P.C., on brief), for appellant.

                (John P. Grove; Woods, Rogers & Hazlegrove,
                P.L.C., on brief), for appellee.


     James Ralph Carter contends that the Workers' Compensation

Commission erred in denying his motions to reopen the record for

additional testimony of Dr. S.A. Ahmed and for consideration of

Dr. Ahmed's March 10, 1994 report as after-discovered evidence.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     As the party seeking to reopen the record on the basis of

after-discovered evidence, Carter bore the burden of proving that

"(1) the evidence was obtained after the hearing; (2) it could

not have been obtained prior to hearing through the exercise of

reasonable diligence; (3) it is not merely cumulative,

corroborative or collateral; and (4) it is material and should

produce an opposite result before the commission."  Williams v.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995).

> In denying Carter's motion, the commission found as follows:
> It appears that this report was not part of the Commission's file at the Hearing and that it was obtained by the claimant after the Hearing. However, it also appears, from his deposition and testimony at the Hearing, that he was aware of the report's existence prior to the close of the evidence. We find that this report could have been obtained prior to the Hearing through the exercise of reasonable diligence. Therefore, it does not qualify as after-discovered evidence, and we will not consider it for the first time on Review.

Credible evidence supports these findings. At his deposition, Carter testified that he was aware of Dr. Ahmed's March 10, 1994 report. Thus, the commission had a basis to infer that Carter had an opportunity to obtain the report before the November 14, 1994 hearing or, at a minimum, to request that the record be left open for its submission. He failed to take either action. Because Carter did not satisfy the second prong of the Williams test, the commission did not err in denying his motion to reopen the record.

For these reasons, we affirm the commission's decision denying Carter's motion. Carter did not appeal the commission's rulings that the presumption contained in Code § 65.2-402(B) did not apply and that he failed to prove a compensable ordinary disease of life under Code § 65.2-401. Accordingly, the denial of the award is affirmed.

2

<u>Affirmed.</u>