COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Fitzpatrick and Overton
Argued at Salem, Virginia


RICKEY A. MAGGARD

v.         Record No. 2060-95-3         MEMORANDUM OPINION[*] BY
                                        JUDGE JERE M. H. WILLIS, JR.
NORTH FORK COAL CORPORATION                   APRIL 30, 1996
and
OLD REPUBLIC INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Gerald L. Gray (Gerald Gray Law Firm, P.C.,
            on briefs), for appellant.

            S. T. Mullins (Street, Street, Street, Scott
            & Bowman, on briefs), for appellees.


        On appeal from a decision of the Virginia Workers'

Compensation Commission denying him temporary total disability

benefits, Rickey A. Maggard contends (1) that no credible

evidence supports the commission's finding that he unjustifiably

refused necessary medical treatment, and (2) that the commission

erred in refusing to reopen the record based on after-discovered

evidence.  We disagree and affirm the commission's decision.

        On appeal, we view the evidence in the light most favorable

to the party prevailing below.  Crisp v. Brown's Tysons Corner

Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).

The findings of the commission, if based on credible evidence,

are conclusive and binding on this Court.  Morris v. Badger

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

On January 10, 1994, Maggard, employed as a maintenance repairman by North Fork Coal Corporation, stepped in a hole and twisted his hip and back. Pursuant to a memorandum of agreement and supplemental memorandum of agreement, the commission awarded him temporary total disability compensation from April 18 through May 30, 1994, and from June 6 through June 12, 1994.

On May 23, 1994, because Maggard's condition had not improved, his treating physician, Dr. Neal A. Jewell, an orthopaedist, recommended surgery. On July 7, 1994, Dr. Jewell advised Maggard that his condition was not likely to improve without surgery. On September 14, 1994, Maggard sought a second opinion from Dr. Jeffrey R. McConnell. Dr. McConnell concluded that conservative treatment had failed and recommended surgery. Maggard chose not to undergo surgery. On October 24, 1994, Dr. Jewell found that Maggard had reached maximum medical improvement and released him to permanent light work. Dr. Jewell again advised Maggard to have surgery, but Maggard again rejected this advice.

On October 6, 1994, Maggard sought reinstatement of benefits from July 21, 1994 due to a change in condition. The deputy commissioner denied his petition, finding that Maggard had unjustifiably refused medical treatment recommended by his treating physician and had failed to market his residual

- 2 -

capacity.

Maggard requested review by the full commission. He petitioned to reopen the record for additional evidence, a post-hearing report by Dr. Jewell stating that Maggard's election not to have surgery was a valid decision. The commission held that Dr. Jewell's post-hearing report did not qualify as after-discovered evidence and denied Maggard's petition to reopen the record. The commission further held that Maggard had unjustifiably refused recommended surgery. It affirmed the opinion of the deputy commissioner.

The commission's finding that Maggard unjustifiably refused surgery recommended by his treating physician is supported by credible evidence in the record. Both Dr. Jewell and Dr. McConnell recommended surgery. Had Maggard undergone the surgery, he would have been able to resume working sooner, with few or no restrictions. His fear of surgery was not sufficient justification for refusing necessary medical treatment.

The commission did not err in refusing to reopen the record to admit Dr. Jewell's post-hearing report. "The standard for reviewing petitions to reopen the record to receive after-discovered evidence is the same before the commission as it is before a trial court." Williams v. People's Life Insurance Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995). See Rules of the Workers' Compensation Commission 3.3. "The four requirements which must be met . . . are that (1) the evidence was obtained

after the hearing; (2) <u>it could not have been obtained prior to hearing through the exercise of reasonable diligence</u>; (3) it is not merely cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result before the commission." <u>Id.</u> (citation omitted) (emphasis in original). The commission found that Dr. Jewell's report stating, "patient's progress certainly indicated that his original decision not to proceed with surgery was a valid decision," did not qualify as after-discovered evidence under Rule 3.3. Inquiry into whether Maggard's refusal to undergo surgery was justified could have been made before the hearing.

The commission also found that had the report been admitted, it would not have produced a different result. The report would cure the refusal of surgery because surgery was no longer recommended. However, it would not justify the earlier refusal of surgery because acceptance of surgery would have produced a quicker recovery. The record supports this finding.

We need not consider whether Maggard adequately marketed his residual capacity. That issue is moot.

The decision of the commission is affirmed.

<u>Affirmed.</u>

- 4 -