COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton


MARGARET J. MULLINS
                                        MEMORANDUM OPINION[*]
v.   Record No. 1700-96-3                    PER CURIAM
                                         JANUARY 14, 1997
CLINCHFIELD COAL COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Daniel H. Sachs, on brief), for appellant.

            (H. Ashby Dickerson; Penn, Stuart & Eskridge,
            on brief), for appellee.



        Margaret J. Mullins ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in denying her

motion that the commission reopen the record to allow the

pulmonary committee to consider the original of a June 16, 1995

x-ray as after-discovered evidence.  Claimant argues that by not

allowing her to submit the original x-ray, the commission

violated the "best evidence rule."  Upon reviewing the record and

the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

        As the party seeking to reopen the record on the basis of

after-discovered evidence, claimant bore the burden of proving

that "(1) the evidence was obtained after the hearing; (2) <u>it</u>

<u>could not have been obtained prior to hearing through the</u>

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

exercise of reasonable diligence; (3) it is not merely cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result before the commission." Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995).

In affirming the deputy commissioner's denial of claimant's motion, the commission stated as follows:

> [W]e find it significant that the claimant, intentionally or unintentionally, initially predicated her claim upon a film copy, rather than an original. Assuming for the sake of argument that she did not know that at first, she either knew or should have known otherwise on or about October 4, 1995, when she was provided the defendant's x-ray interpretations, two of which included negative comments about the film's quality, and one which specifically indicated that the film was a copy. Even though at least potentially armed with that knowledge, claimant's counsel neither obtained the original film before the hearing nor made a motion during that proceeding for its posthearing submission or consideration. Because of that failure, and because the time limit for filing posthearing evidence is within the hearing Commissioner's discretion, the Deputy Commissioner had every right to deny counsel's subsequent motion.

Credible evidence supports the commission's findings. Based upon these findings, the commission could conclude that claimant had an opportunity to obtain the original x-ray before the November 15, 1995 hearing, but failed to do so. Because claimant did not satisfy the second prong of the Williams test, the commission did not err in denying her motion to reopen the record for after-discovered evidence.

2

We also find no merit in claimant's "best evidence rule" argument.  Clearly, if the "best evidence rule" applied in this case, the only party who could have invoked the rule with respect to the x-ray film's quality would have been the employer, not claimant.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>