COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

DAN E. BALES

v.   Record No. 1699-96-3

SEA "B" MINING COMPANY

MEMORANDUM OPINION[*]
PER CURIAM
JANUARY 14, 1997

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Daniel H. Sachs, on brief), for appellant.

(H. Ashby Dickerson; Penn, Stuart &
Eskridge, on brief), for appellee.


Dan E. Bales ("claimant") contends that the Workers'
Compensation Commission ("commission") erred in denying his
motion that the commission reopen the record to allow the
pulmonary committee to consider the original of a March 27, 1995
x-ray as after-discovered evidence.  Claimant argues that by not
allowing him to submit the original x-ray, the commission
violated the "best evidence rule."  Upon reviewing the record and
the briefs of the parties, we conclude that this appeal is
without merit.  Accordingly, we summarily affirm the commission's
decision.  Rule 5A:27.

As the party seeking to reopen the record on the basis of
after-discovered evidence, claimant bore the burden of proving
that "(1) the evidence was obtained after the hearing; (2) <u>it
could not have been obtained prior to hearing through the</u>

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

<u>exercise of reasonable diligence</u>; (3) it is not merely cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result before the commission." <u>Williams v. People's Life Ins. Co.</u>, 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995).

In affirming the deputy commissioner's denial of claimant's motion, the commission stated as follows:

> As to the dispute about the original and copy of the x-ray, the Deputy Commissioner noted that Dr. Wiot's October 3, 1995 report stated that the x-ray film was a copy and that claimant's counsel was sent a copy of the report on October 26, 1995. The Deputy Commissioner found that claimant's counsel knew by at least fifteen days before the hearing that the circulated x-ray was a copy and did not make any effort to submit the original film. The Deputy Commissioner further held that the original x-ray did not qualify as after-discovered evidence.
> We agree. The copy of the x-ray film was submitted by claimant's counsel and interpreted by all the experts. The original x-ray film does not qualify as after-discovered evidence since, with due diligence, it could have been submitted before the hearing.

Credible evidence supports the commission's findings. Based upon these findings, the commission could conclude that claimant had an opportunity to obtain the original x-ray before the November 15, 1995 hearing, but failed to do so. Because claimant did not satisfy the second prong of the <u>Williams</u> test, the commission did not err in denying his motion to reopen the record for after-discovered evidence.

We also find no merit in claimant's "best evidence rule"

2

argument. Clearly, if the "best evidence rule" applied in this case, the only party who could have invoked the rule with respect to the x-ray film's quality would have been the employer, not claimant.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>