COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Elder and Fitzpatrick

JOHN D. BAYS

v.   Record No. 2397-96-3                        MEMORANDUM OPINION[*]
                                                      PER CURIAM
SWB CONSTRUCTION CORPORATION                     MARCH 18, 1997
AND
THE HOME INSURANCE COMPANY

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Lawrence L. Moise, III; Vinyard & Moise, on
                brief), for appellant.

                (L. Johnson Sarber, III; Johnson, Ayers &
                Matthews, on brief), for appellees.


        John D. Bays (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that (1) he

failed to prove that he suffered from disability causally related

to his compensable October 30, 1993 left shoulder injury; and (2)

Dr. William E. Kennedy's April 9, 1996 report did not qualify as

after-discovered evidence.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

                                    I.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On January 25, 1995, Dr. Richard Kozakiewicz, claimant's treating physician, opined that "it would be very difficult for me to state that there is a greater than 50% chance that the pain in Mr. Bays' left shoulder is related to his October, 1993 work accident." Dr. Kozakiewicz' opinion, coupled with evidence that claimant performed substantial work from November 1, 1993 until at least January 1996, supports the commission's finding that claimant failed to prove that his disability, if any, was caused by his compensable accident. Accordingly, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.

## II.

As the party seeking to reopen the record on the basis of after-discovered evidence, claimant bore the burden of proving that "(1) the evidence was obtained after the hearing; (2) it could not have been obtained prior to hearing through the exercise of reasonable diligence; (3) it is not merely cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result before the commission." Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995).

Although Dr. Kozakiewicz reluctantly referred claimant to an orthopedic surgeon on January 25, 1995, claimant did not seek treatment from Dr. Kennedy until April 1996, two months after the February 7, 1996 hearing and approximately one month after the issuance of the deputy commissioner's decision.  No evidence proved that claimant could not have obtained Dr. Kennedy's report before the hearing nor did claimant request that the record be left open for its submission.  In addition, Dr. Kennedy's report would not have necessarily produced a different result.  Dr. Kennedy's opinion conflicted with the opinion of Dr. Kozakiewicz. As fact finder, the commission was entitled to accept Dr. Kozakiewicz' opinion and to reject Dr. Kennedy's opinion. Because Bays did not satisfy the second and fourth prongs of the test set forth in Williams, we cannot say that the commission erred in denying his motion to reopen the record.

For these reasons, we affirm the commission's decision.

Affirmed.