COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

LILLIE LOUISE PETERSON-SEIVERTSON

MEMORANDUM OPINION*

v.    Record No. 0413-97-1                       PER CURIAM
                                                 JULY 8, 1997
FORD MOTOR COMPANY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Robert J. Macbeth, Jr.; Rutter & Montagna,
on brief), for appellant.

(Barry Dorans; Samuel M. Meekins, Jr.;
Wolcott, Rivers, Wheary, Basnight & Kelly, on
brief), for appellee.


Lillie Louise Peterson-Seivertson appeals from a decision of
the Workers' Compensation Commission awarding her permanent
partial disability benefits based upon a five percent impairment
rating.  Peterson-Seivertson contends that the commission erred
in (1) not awarding her benefits based upon a twenty-five percent
impairment rating; and (2) refusing to consider the November 5,
1995 report of Dr. Frank Gwathmey.  Upon reviewing the record and
the briefs of the parties, we conclude that this appeal is
without merit.  Accordingly, we summarily affirm the commission's
decision.  Rule 5A:27.

I.

On appeal, we view the evidence in the light most favorable
to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). So viewed, the evidence established that on September 5, 1990, Dr. Pat L. Aulicino, the treating hand/orthopedic surgeon, opined that Peterson-Seivertson suffered from a twenty-five percent impairment of her left upper extremity. Dr. Aulicino attributed ten percent of this rating to Peterson-Seivertson's "cosmetically unacceptable" scar, ten percent to swelling and persistent pain, and five percent secondary to a band of numbness in the lateral antebrachial cutaneous nerve distribution. Dr. Aulicino noted that Peterson-Seivertson demonstrated good grip strength and full range of motion in her elbow and wrist. Dr. Aulicino released Peterson-Seivertson from his care on September 5, 1990 with a twenty-five percent impairment of her left upper extremity due to the injury to her left elbow.

On November 14, 1995, Dr. Samuel C. Kline, an orthopedic/general surgeon who examined Peterson-Seivertson at employer's request, ordered that she undergo a performance evaluation and a functional capabilities evaluation. Based upon the results of these evaluations, his examination of Peterson-Seivertson, and his review of her medical records, Dr. Kline opined on December 5, 1995, that Peterson-Seivertson suffered from "a 5 percent impairment of her left upper extremity due to a painful neuroma with a complete sensory deficit of her lateral antebrachial cutaneous nerve."

Relying upon the opinions of Drs. Aulicino and Kline, the

commission ruled that "the medical evidence, taken as a whole," supports an award based upon a five percent permanent partial disability rating to the left arm.

In determining whether benefits for partial loss are to be awarded, "the commission must rate 'the percentage of incapacity suffered by the employee' based upon the evidence presented." Hungerford Mech. Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991) (quoting County of Spotsylvania v. Hart, 218 Va. 565, 568, 238 S.E.2d 813, 815 (1977)). "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford, 11 Va. App. at 677, 401 S.E.2d at 215.

In its role as fact finder, the commission was entitled to weigh the medical evidence and to accept Dr. Kline's opinion. Furthermore, no evidence established that Peterson-Seivertson's scarring, pain, or swelling contributed to loss of functional use of her left arm. Therefore, the commission was entitled to disregard that portion of Dr. Aulicino's impairment rating attributable to scarring, swelling, and pain. Absent impairment for scarring, swelling, and pain, Dr. Aulicino's remaining five percent impairment rating due to numbness was consistent with Dr. Kline's opinion.

Based upon this record, we cannot find as a matter of law that Peterson-Seivertson's evidence proved that she sustained a twenty-five permanent partial disability as a result of her

compensable accident. Accordingly, the commission's award of permanent partial disability benefits based upon a five percent impairment rating is binding and conclusive.

## II.

In his November 5, 1995 report, Dr. Frank Gwathmey opined that Peterson-Seivertson suffered from a fifteen percent impairment to the left upper extremity based upon "numbness over the distribution of the antebrachial cutaneous nerve and also . . . weakness in the forearm to grip testing." The commission refused to consider Dr. Gwathmey's report, finding that it could have been obtained and submitted to the deputy commissioner before the record closed on August 15, 1996.

In Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995), we set forth four requirements which must be met before the record will be reopened on the basis of after-discovered evidence. Those requirements are as follows:

> (1) the evidence was obtained after the hearing; (2) it could not have been obtained prior to [the] hearing through the exercise of reasonable diligence; (3) it is not merely cumulative, corroborative, or collateral; and (4) it is material and should produce an opposite result before the commission.

Id. at 532, 452 S.E.2d at 883.

Peterson-Seivertson offered no explanation for why she could not have obtained Dr. Gwathmey's November 5, 1995 report through due diligence and submitted it to the commission before the record closed. Because the commission's finding is supported by

4

the record, we conclude that the commission did not abuse its discretion in refusing to consider the report as after-discovered evidence.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>