COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

CONNIE P. MITCHELL

v.    Record No. 0429-98-2

CITY OF RICHMOND NURSING HOME

MEMORANDUM OPINION[*]
PER CURIAM
AUGUST 25, 1998

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Connie P. Mitchell, pro se, on briefs).

(Andrew R. Blair, on brief), for appellee.


Connie P. Mitchell (claimant) contends that the Workers' Compensation Commission (commission) erred in (1) refusing to consider the August 20, 1997 post-hearing report of Dr. Howard G. Stern, an orthopedic surgeon, as after-discovered evidence; and (2) finding that she failed to prove that her left knee condition is causally related to her December 8, 1992 injury by accident. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

After-Discovered Evidence

As the party seeking to reopen the record on the basis of after-discovered evidence, claimant bore the burden of proving that "(1) the evidence was obtained after the hearing; (2) it could not have been obtained prior to hearing through the exercise of reasonable diligence; (3) it is not merely

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result before the commission." Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995).

In refusing to consider Dr. Stern's August 20, 1997 report on review, the commission found as follows:

> We find that this report could have been obtained prior to the Hearing through the exercise of reasonable diligence. Therefore, this report will not be considered for the first time on Review. The exception enunciated in Mize v. Rocky Mount Ready Mix, 11 Va. App. 601, 401 S.E.2d 200 (1991), does not apply since there does not appear to be subsequent treatment pending Review resulting in a change in opinion by a physician regarding disability. Dr. Stern simply offered his opinion which could have been obtained prior to the Hearing through the exercise of reasonable diligence.

Credible evidence supports the commission's findings. Based upon these findings, the commission could conclude that claimant had an opportunity to obtain Dr. Stern's report before the June 9, 1997 hearing, but failed to do so. Because claimant did not satisfy the second prong of the Williams test, the commission did not err in refusing to consider Dr. Stern's report on review as after-discovered evidence.

## Causation

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

In holding that claimant failed to prove that the proposed

-2-

total knee replacement surgery was causally related to her December 1992 injury by accident, the commission found as follows:

> We note that claimant has, in the past, alleged that this surgery is causally related to the January 1993 work injury. However, there is no Commission ruling on that issue. The record before us consists of medical reports documenting treatment for both injuries. It is clear that the claimant suffers from end-stage osteoarthritis of the left knee. However, there is no medical opinion before us causally connecting the December 1992 industrial injury to that condition. While it appears that Mitchell sustained a left knee injury in that industrial accident, her symptoms essentially resolved within one week. No further mention of continuing left knee pain is made in the record before us. Indeed, the next report of left knee pain is on April 24, 1996, more than three years after the work injury. Dr. Stern, while diagnosing end-stage osteoarthritis of the left knee, does not offer an opinion on the issue of causation.
>
> The absence of intervening treatment after initial resolution of the left knee complaints, coupled with the absence of a fully informed medical opinion on the issue of causation, we find that the claimant has not met her burden.

The commission's findings are amply supported by the record. Based upon the lack of medical treatment to claimant's left knee between December 1992 and April 1996 and the lack of any persuasive medical opinion regarding the cause of her knee condition, we cannot say as a matter of law that claimant's evidence sustained her burden of proof. Accordingly, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d

833, 835 (1970).

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.