COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


TIMOTHY BRANDON
                                        MEMORANDUM OPINION[*]
v.    Record No. 1039-98-3                  PER CURIAM
                                        OCTOBER 6, 1998
SUNSTATES MAINTENANCE CORPORATION
AND
LIBERTY INSURANCE CORPORATION


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Robert L. Morrison, Jr.; Williams, Morrison,
            Light & Moreau, on brief), for appellant.

            (Gregory T. Casker; Daniel, Vaughan, Medley &
            Smitherman, on brief), for appellees.


     Timothy Brandon ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in finding that he

failed to prove that (1) he was totally disabled from March 17,

1997 through June 11, 1997 and from June 21, 1997 and continuing;

and (2) he marketed his residual work capacity during those times

when he was not totally disabled.  Claimant also argues that the

commission erred in ignoring his request that it reopen the

record to consider additional evidence from Dr. Lawrence Cohen.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.


_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On March 1, 1997, claimant sustained a compensable low back injury.  On March 4, 1997, claimant came under the care of Dr. Timothy H. Hooker.  According to Dr. Hooker's March 13, 1997 Attending Physician's Report, claimant was unable to work beginning March 4, 1997 due to his compensable injury.  In that same report, Dr. Hooker released claimant to return to his regular work as of March 17, 1997.  Dr. Hooker also referred claimant to Dr. Cohen, an orthopedic surgeon.

Dr. Cohen examined claimant on March 14, 1997 and March 24, 1997, but made no comment with regard to claimant's work capacity.  On April 1, 1997, Dr. Cohen reported as follows:

> We will continue conservative measures with
> Physical Therapy. . . .  We will take him out
> of work as he says any type of activity
> doesn't exacerbate his pain.  I will see him
> in approximately two to three weeks in
> follow-up unless he has exacerbation of his
> symptoms or signs.

Dr. Cohen's medical records between April 2, 1997 and June 11, 1997 contain no comments about claimant's work capacity.  On

June 12, 1997, Dr. Cohen performed surgery on claimant's back. On June 20, 1997, Dr. Cohen noted that claimant was "doing excellent at this time." Dr. Cohen noted that claimant "denie[d] any significant back pain, leg pain, weakness, numbness, paresthesia, or bowel or bladder dysfunction." Dr. Cohen instructed claimant to start walking one mile per day and to avoid bending, lifting, and twisting.

Based upon this record, the commission awarded claimant temporary total disability benefits from March 4, 1997 through March 16, 1997 and from June 12, 1997 through June 20, 1997. However, the commission found that claimant failed to prove total work incapacity from March 17, 1997 through June 12, 1997, and from June 21, 1997 and continuing.

The commission's findings are supported by the record. Dr. Hooker released claimant to return to his regular work as of March 17, 1997. Dr. Cohen did not comment on claimant's ability to work during March 1997. In its role as fact finder, the commission was entitled to give little probative weight to Dr. Cohen's April 1, 1997 report based upon its conclusion that "Dr. Cohen intended to state the he would 'not take him out of work' on that date, since he conditioned disability in this report on subsequent exacerbations." "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991). The remainder of Dr.

Cohen's medical records did not provide any evidence of incapacity to work, other than between June 12, 1997 and June 20, 1997.

In light of the lack of persuasive medical evidence to support a finding of total disability, the commission was entitled to give little weight to claimant's testimony that Dr. Cohen told him he could not work. Based upon this lack of supporting medical evidence, we cannot find as a matter of law that claimant's evidence sustained his burden of proving that he was totally disabled between March 17, 1997 and June 11, 1997 and beginning June 21, 1997 and continuing.

## II.

Claimant contends that the commission erred in denying him an award of temporary total disability benefits based upon its finding that he failed to prove that he marketed his residual work capacity, where, as here, the employer did not appear at the hearing or present a defense. We find no merit in this argument.

In order to establish entitlement to benefits, a partially disabled employee must prove that he has made a reasonable effort to procure suitable work but has been unable to do so. See Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987). Claimant presented no evidence that he made any effort to market his residual work capacity at any time after his compensable March 1, 1997 injury by accident. Accordingly, the commission did not err in denying claimant benefits for all time

- 4 -

periods for which he failed to establish total work incapacity.

III.

As the party seeking to reopen the record on the basis of after-discovered evidence, claimant bore the burden of proving that "(1) the evidence was obtained after the hearing; (2) <u>it could not have been obtained prior to hearing through the exercise of reasonable diligence</u>; (3) it is not merely cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result before the commission." <u>Williams v. People's Life Ins. Co.</u>, 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995).

Claimant had ample opportunity to obtain Dr. Cohen's opinions with respect to claimant's disability and residual work capacity before the record closed on August 7, 1997. However, he failed to do so. Because claimant did not satisfy the second prong of the <u>Williams</u> test, the commission did not err in failing to reopen the record for additional evidence from Dr. Cohen.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.