COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


GARY L. FRYE

MEMORANDUM OPINION*

v.    Record No. 2758-98-3                    PER CURIAM
                                               MAY 4, 1999

VALLEY HAULING, INC.
AND
LIBERTY MUTUAL INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Lawrence L. Moise, III; Vinyard & Moise, on
            brief), for appellant.

            (Monica L. Taylor; Gentry, Locke, Rakes &
            Moore, on brief), for appellees.


    Gary L. Frye ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in (1) finding that

he failed to prove a permanent partial disability in his left eye

as a result of his compensable July 30, 1994 injury by accident;

and (2) in failing to consider Dr. John M. Dixon's February 24,

1998 report as after-discovered evidence.  Upon reviewing the

record and the briefs of the parties, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.


    *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application for an award of permanent partial disability benefits, the commission found as follows:

> On the issue of causation, Dr. Dixon has stated his belief that claimant's defect in his vision is related to retinal scarring which most likely is directly due to the accident. Nevertheless, Drs. [Brian P.] Conway, [Robert C.] Erickson, and [John L.] Hines do not express this conclusion. These doctors have expressed difficulty in finding any permanent impairment or the presence of a permanent visual field defect. . . .
>
> In this case, there is a wide and irreconcilable difference of opinion between the doctors involved in assessing the claimant. Given this record of differing expert opinions, we accord no greater weight to the opinion of the treating physician than we do the opinions of the other doctors.

The commission's findings are supported by the record. In light of the irreconcilable conflicts in the medical evidence, the commission, as fact finder, was entitled to conclude that "[u]pon review of the record of [sic] a whole, we find that the claimant has not proven by a preponderance of the evidence that

he has a partial loss of vision or that he has reached maximum medical improvement."  "Medical evidence is not necessarily conclusive but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

Based upon this record, we cannot find as a matter of law that claimant's evidence sustained his burden of proof. Accordingly, the commission's findings are binding and conclusive upon us on appeal.

## II.

The commission did not consider Dr. Dixon's February 24, 1998 medical report as after-discovered evidence.  As the party seeking to reopen the record on the basis of after-discovered evidence, claimant bore the burden of proving that "(1) the evidence was obtained after the hearing; (2) it could not have been obtained prior to hearing through the exercise of reasonable diligence; (3) it is not merely cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result before the commission."  Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995).

It is apparent from the record that Dr. Dixon's February 24, 1998 report could have been obtained by claimant through the exercise of due diligence prior to the hearing, or at the very

- 3 -

least, a request could have been made to leave the record open to obtain the report.  No evidence showed that claimant was precluded from obtaining Dr. Dixon's opinion or that Dr. Dixon was unavailable.  Instead, claimant waited until seven months after the hearing and seven months after the deputy commissioner issued his opinion to obtain the report.  Under these circumstances, the commission did not err in failing to consider such evidence.

For these reasons, we affirm the commission's decision.

Affirmed.