COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


ROBERT DALE BURROUGHS
                                    MEMORANDUM OPINION*
v.    Record No. 0792-00-4             PER CURIAM
                                     AUGUST 15, 2000
FREDERICK COUNTY SCHOOL BOARD AND
 VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

         (James F. Green; Ashcraft & Gerel, L.L.P., on
         brief), for appellant.

         (Ralph L. Whitt, Jr.; Michael P. Del Bueno;
         Williams, Lynch & Whitt, P.C., on brief), for
         appellees.


     Robert Dale Burroughs (claimant) contends that the Workers'

Compensation Commission erred in refusing to reopen the record

for consideration of Dr. Benjamin V. Rezba's September 10, 1999

medical report as after-discovered evidence.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     As the party seeking to reopen the record on the basis of

after-discovered evidence, claimant bore the burden of proving

that "(1) the evidence was obtained after the hearing; (2) it

_____
        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

could not have been obtained prior to hearing through the exercise of reasonable diligence; (3) it is not merely cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result before the commission." Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995) (emphasis omitted).

The commission held that claimant failed to meet his burden of proof with respect to prongs (2) through (4) of the Williams test. In so ruling, the commission found as follows:

> [C]laimant knew of Dr. Rezba's involvement and his plan to order testing, before the hearing record closed on June 24, 1999. In the deposition for which the hearing record was held open, Dr. [Richard] Patterson testified that Dr. Rezba had ordered a MRI scan. The claimant did not ask that the record be held open for the report of that test.
>
> [T]he information in the report is cumulative and corroborative and would not produce a different result if considered. Dr. Rezba's report contains a thorough review of the claimant's medical history, the results of the test and Dr. Rezba's diagnosis. All the information in Dr. Rezba's medical history was identified in earlier reports that were before the Deputy Commissioner.
>
> *   *   *   *   *   *   *
>
> Although the report refers to the test Dr. Rezba ordered, the test identified information previously known and part of the record. The claimant's disc problems were identified by Dr. Patterson on September 11, 1996, and November 20, 1996. Spinal stenosis was first noted by Dr. Patterson on March 12, 1997, and the claimant's chronic

-

back pain was well documented in the record, beginning with his earlier May 25, 1996, accident.

Dr. Rezba's opinions that the claimant was a surgical candidate and will cause chronic back problems are immaterial to the issue of the case, whether the claimant had a new injury by accident. Thus the information is cumulative, corroborative and collateral . . . .

Lastly, consideration of Dr. Rezba's report would not produce an opposite result. . . . Our [previous] decision primarily was based on the facts that while the claimant's back symptoms increased after the incident, there was no increased damage nor were there any structural or mechanical changes to his low back. Dr. Rezba's report does not contradict any of those findings.

Credible medical evidence supports the commission's findings. Based upon those findings, the commission was entitled to conclude that Dr. Rezba's report was cumulative, corroborative, and collateral and would not have produced a different result, if considered. Dr. Rezba's report detailed medical information previously available to the commission when it rendered its decision. In addition, Dr. Rezba's report contained no evidence to prove that a structural or mechanical change occurred in claimant's back as a result of his September 24, 1998 accident. Thus, the commission could reasonably conclude that the report would not alter the outcome of the case.

-

Because claimant did not satisfy prongs (3) and (4) of the Williams test, the commission did not err in denying his motion to reopen the record for after-discovered evidence.

For these reasons, we affirm the commission's decision.

Affirmed.

-