COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bray and Annunziata


ALPHONZO TAYLOR, SR.

                                    MEMORANDUM OPINION*
v.    Record No. 1216-00-2              PER CURIAM
                                     SEPTEMBER 12, 2000
POCAHONTAS CORRECTIONAL UNIT/
 COMMONWEALTH OF VIRGINIA


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Alphonzo Taylor, Sr., pro se, on brief).

            (Mark L. Earley, Attorney General; Judith
            Williams Jagdmann, Deputy Attorney General;
            Gregory E. Lucyk, Senior Assistant Attorney
            General; Scott J. Fitzgerald, Assistant
            Attorney General, on brief), for appellee.


     Alphonzo Taylor, Sr. (claimant) contends that the Workers'

Compensation Commission erred in (1) refusing to consider, on

review as after-discovered evidence, a December 22, 1999 letter

from Dr. Vincent Dalton's office and two pages of a portion of a

November 1, 1999 recorded statement[1] and; (2) finding that he

failed to prove that his disability from August 24, 1999 through

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

     [1] Claimant's argument that the commission erred in refusing
to consider Dr. Dalton's November 2, 1999 letter as
after-discovered evidence is without merit.  Our review of the
record revealed that Dr. Dalton's November 2, 1999 medical
report was admitted into evidence before the commission as
Claimant's Exhibit 2 at the December 13, 1999 hearing.
Accordingly, we will not consider claimant's argument with
respect to that report.

September 3, 1999 was causally related to his compensable July 15, 1999 injury by accident. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

## I. After-Discovered Evidence

In denying claimant's request that it consider after-discovered evidence on review, the commission ruled that the evidence in question could have been obtained by claimant before the hearing through the exercise of reasonable diligence. Credible evidence supports the commission's findings.

Rule 3.3 of the Rules of the Workers' Compensation Commission allows for consideration of after-discovered evidence by the full commission either by agreement of the parties or upon a petition to reopen or receive after-discovered evidence. No evidence showed that the parties agreed to the submission of Dr. Dalton's December 22, 1999 report or the pages from the November 1, 1999 recorded statement nor did claimant file a petition to reopen or receive after-discovered evidence.

Furthermore, "[a]s the party seeking to reopen the record on the basis of after-discovered evidence, claimant bore the burden of proving that "(1) the evidence was obtained after the hearing; (2) it could not have been obtained prior to the hearing through the exercise of reasonable diligence; (3) it is

- 2 -

not merely cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result before the commission." Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995).

No evidence showed that claimant was precluded from obtaining Dr. Dalton's opinion or that Dr. Dalton was unavailable before the December 13, 1999 hearing. Furthermore, the November 1, 1999 recorded statement was given by claimant before the hearing, and he offered no explanation as to why he could not have offered the statement into evidence at the hearing. Instead, claimant waited until after the hearing and after the deputy commissioner issued an opinion on December 15, 1999 to obtain and file Dr. Dalton's December 22, 1999 report and the two pages from the November 1, 1999 recorded statement.[2]

Under these circumstances, the commission did not err in failing to consider such evidence. Because claimant did not satisfy the first and second prongs of the Williams test with respect to the recorded statement and the second prong of the Williams test with respect to Dr. Dalton's December 22, 1999 report, the commission did not err in denying claimant's request for it to consider these documents as after-discovered evidence on review.

---

[2] Contrary to claimant's argument, employer specifically raised causation as a defense at the hearing, in addition to its misconduct defense.

## II.  Causation

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that claimant's evidence failed to establish a causal connection between his compensable July 15, 1999 injury by accident and his disability from August 24, 1999 through September 3, 1999, the commission found as follows:

> [T]he claimant was released to return to full duty effective August 20, 1999.  While we note the claimant's testimony that he continued to suffer from lower back pain following his full-duty release, we also note that this is inconsistent with Dr. Dalton's report of August 13, 1999, that [claimant] was asymptomatic with no palpable spasms.  The claimant reported to a physician other than his authorized treating physician on August 24, 1999, stating that he had suffered a new injury at work. Neither Dr. Dalton nor Dr. [Donald] Davidson have offered an opinion as to whether the claimant's disability commencing August 24, 1999, is causally related to the industrial accident of July 15, 1999.

In light of the lack of any opinion regarding causation from Drs. Dalton and Davidson and the inconsistency between claimant's testimony and Dr. Dalton's medical records, the

- 4 -

commission, as fact finder, was entitled to conclude that claimant failed to prove a causal connection between his compensable July 15, 1999 injury by accident and his disability beginning August 24, 1999 through September 3, 1999. Accordingly, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>