COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff[*]


GRAND PIANO AND FURNITURE COMPANY, INC. AND
 TRANSPORTATION INSURANCE COMPANY

v.    Record No. 2010-00-3

GARY THOMAS CRAIG                          MEMORANDUM OPINION[**]
                                                PER CURIAM
GARY THOMAS CRAIG                          JANUARY 16, 2001

v.    Record No. 2043-00-3

GRAND PIANO AND FURNITURE COMPANY, INC. AND
 TRANSPORTATION INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Roya Palmer Ewing, on brief), for Grand
            Piano and Furniture Company, Inc. and
            Transportation Insurance Company.

            (Howard A. Herzog, on briefs), for Gary
            Thomas Craig.


    Grand Piano and Furniture Company, Inc. and its insurer

(hereinafter referred to as "employer") contend that the

Workers' Compensation Commission erred in finding that Gary

Thomas Craig proved he sustained an injury by accident arising

out of and in the course of his employment.  Craig contends that

---

        [*] Retired Judge Charles H. Duff took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400(D).

        [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

the commission erred in refusing to amend the deputy commissioner's determination of his average weekly wage. Upon reviewing the record and the briefs of the parties, we conclude that these appeals are without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

I. Injury by Accident (Record No. 2010-00-3)

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the <u>cause</u> of [the] injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). "In determining whether credible evidence exists [to support the commission's ruling], the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." <u>Id.</u>

In ruling that Craig proved he sustained a compensable back injury at work, the commission found as follows:

> Although the claimant has had some uncertainty regarding the date of the incident, this is not fatal to his claim. He has consistently related to an accident

- 2 -

in late-August involving lifting furniture, having some days off from work, and the golf incident. The claimant testified that on August 17, 1998, he experienced sharp pain when he was lifting a sleeper sofa onto a dolly. Similarly, on September 3, 1998, he completed the Employer's First Report of Accident and detailed an injury in late-August from "lifting and moving furniture." In his recorded statement on September 22, 1998, the claimant verified that the accident occurred sometime in late-August 1998 because he was moving several sleeper sofas and noticed pain. In his May 21, 1999, answers to interrogatories, he asserted that he experienced a burning, stabbing low back pain on August 21, 1998.

Witness testimony also supports the claimant's assertions. [Bill] Barker testified to observing [claimant] limping and knowing that [claimant] had been working in the sleeper sofa department. [Fred] Hill testified that sometime after September 9, 1998, he spoke with the claimant who stated that he lifted sleeper sofas before the golf incident. Regardless that pain caused him to collapse while trying to play golf, there is no evidence that this activity caused the back condition.

In rendering its decision, the commission considered the various medical histories, Craig's testimony, the Employer's First Report of Accident, Craig's recorded statement to employer, Craig's answers to interrogatories, and the testimony of Craig's co-workers. The commission resolved any inconsistencies in this evidence in favor of Craig. We hold that Craig's testimony, which was corroborated by the testimony of Hill and Barker, provides credible evidence to support the

- 3 -

commission's finding that Craig proved he sustained an identifiable incident at work which resulted in a back injury. Thus, those findings, which are sufficient to prove an injury by accident arising out of and in the course of employment, are conclusive and binding on appeal. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

II. Average Weekly Wage (Record No. 2043-00-3)

Although Craig asserts that there was a mutual mistake of fact with respect to the calculation of his average weekly wage because it did not include sales commissions, we affirm the commission's ruling.

The hearing in this matter was held on December 2, 1999. At that hearing, the parties submitted a wage chart from which it was agreed the deputy commissioner would determine Craig's average weekly wage. The deputy commissioner issued an opinion on December 29, 1999.

By letter dated December 31, 1999, Craig asserted that the deputy commissioner's calculation of his average weekly wage was incorrect. Craig submitted W-2 forms for the years 1997 and 1998 as a basis for his request that the commission amend his average weekly wage to include sales commissions. The commission refused to consider the forms, holding that Craig failed to prove they were discovered after the hearing or could not have been discovered before the hearing with due diligence.

- 4 -

Based upon this finding, the commission denied Craig's request that it amend his average weekly wage.

Although "an employee's average weekly wage, even after being agreed to by the parties and set forth in an award of the commission, is subject to modification upon the grounds of fraud, misrepresentation, mistake or imposition," Mercy Tidewater Ambulance Serv. v. Carpenter, 29 Va. App. 218, 226, 511 S.E.2d 418, 421-22 (1999), the commission does not err in applying the usual standards for considering "after-discovered" evidence. See Williams v. Peoples Life Insurance Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995). The record proved that Craig possessed a copy of the wage chart as of December 2, 1999. However, he did not contest its accuracy and he did not request that his average weekly wage be amended until December 31, 1999, two days after the deputy commissioner issued the opinion.

Craig provided no explanation for the delay. No evidence proved that he could not have obtained the W-2 forms in a timely manner before the hearing. Thus, Craig did not sustain his burden to timely produce evidence that would justify amending the average weekly wage as determined by the deputy commissioner using the wage chart agreed upon by the parties.

For these reasons, we affirm the commission's decision.

Affirmed.