COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Senior Judge Hodges


BOBBY L. MONROE, SR.
                                          MEMORANDUM OPINION*
v.   Record No. 0969-02-2                     PER CURIAM
                                          AUGUST 27, 2002
PIEDMONT GERIATRIC HOSPITAL/
 COMMONWEALTH OF VIRGINIA


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        (A. Pierre Jackson, on brief), for appellant.

        (Jerry W. Kilgore, Attorney General; Judith
        Williams Jagdmann, Deputy Attorney General;
        Edward M. Macon, Senior Assistant Attorney
        General; Scott John Fitzgerald, Assistant
        Attorney General, on brief), for appellee.


        Bobby L. Monroe, Sr. (claimant) contends the Workers'

Compensation Commission erred in refusing to consider, on

review, his argument that fraud, mistake or imposition applied

to save his June 2001 Claim for Benefits alleging an April 1,

1999 accident from the bar of the applicable statute of

limitations.  Upon reviewing the record and the parties' briefs,

we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  <u>R.G. Moore Bldg. Corp. v.</u>

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

<u>Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).
Factual findings made by the commission will be upheld on appeal
if supported by credible evidence. <u>See</u> <u>James v. Capitol Steel
Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

So viewed, the evidence proved that at the November 13,
2001 hearing, claimant stipulated that he did not file his claim
for the April 1, 1999 accident within the two-year limitations
period contained in Code § 65.2-601. In addition, claimant did
not present any evidence at the hearing to justify tolling the
limitations period or supporting application of fraud, mistake
or imposition. In fact, claimant stipulated before the deputy
commissioner that he could not allege fraud, mistake, or
imposition that would justify the late filing.

On review before the full commission, claimant argued that
he filed a timely Claim for Benefits in April 1999, but was told
by his employer that the February 16, 1999 accident date was
incorrect. Claimant alleged that employer told him it did not
matter because he could not pursue a claim and his only recourse
was to seek disability retirement. Claimant asserted that he
was not aware until June 2001 that he could pursue a claim when
an associate advised him that he had a compensable claim.

In refusing to consider claimant's argument, the commission
found as follows:

> The Deputy Commissioner decided this
> case based on the stipulations of the
> parties at the hearing. The claimant did

- 2 -

not raise any allegations that the employer misled him into not filing a timely claim. It is clear that this information was known to the claimant prior to the November 2001 hearing, but he did not raise it at that hearing. The information does not meet the standards for admission of after-discovered evidence, and we will not consider it on Review.

At the hearing, the employer and claimant stipulated to various facts. Both parties agreed that the claimant's claims were untimely and barred by the statute of limitations. The employer, however, agreed to pay lifetime medical benefits relating to the April 1, 1999, injury. Although the claimant had the opportunity to make the allegation he now claims on Review, the claimant made no allegation of fraud, mistake, or imposition that would justify his late filing of his claims. The Deputy Commissioner correctly ruled that the claimant's claims were untimely and barred by the applicable statute of limitations.

Claimant stipulated at the hearing that his June 2001 claim was time-barred and he could not prove fraud, mistake or imposition. He did not present any evidence at the hearing to support the application of fraud, mistake or imposition. Parties are bound by their stipulations. See Barrick v. Bd. of Supervisors of Mathews County, 239 Va. 628, 631, 391 S.E.2d 318, 320 (1990). Therefore, the commission properly refused to consider claimant's argument regarding fraud, mistake and imposition on review.

In addition, claimant did not petition the commission to reopen the record or to receive after-discovered evidence. Even if he had done so, the evidence he sought to introduce existed

in 1999 and was known to him before the hearing.  Thus, it did not qualify as after-discovered evidence.  See Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995); Rule 3.3 of the Rules of the Virginia Workers' Compensation Commission.

For these reasons, we affirm the commission's decision.

Affirmed.