# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

MAURICE T. GRIMES v. JANNEY-MARSHALL COMPANY, INC.

November 20, 1944.

Record No. 2865.

Present, All the Justices.

The opinion states the case.

*S. P. Powell* and *Dorothy V. M. Powell (Mrs. S. P.)*, for the appellant.

*Alvin T. Embrey, W. W. Beverley* and *R. Carter Scott, Jr.,* for the appellee.

GREGORY, J., delivered the opinion of the court.

This is an appeal from an order of the Industrial Commission denying the claimant, Maurice T. Grimes, compensation for injuries suffered by him, resulting from a collision of a truck which he was driving with an army truck.

Janney-Marshall Company, Inc., the appellee, was engaged in the wholesale grocery business at Fredericksburg, Virginia, and Grimes had been employed by it for four months as a truck driver. On August 7, 1943, four trucks belonging to the appellee met at a cannery at King George, Virginia. They were being driven by Estes, Stoneman, Crisp and the claimant. Chenault, another employee of the company, was to go along as a helper. Nile Straughan was the manager and general supervisor for the company, and he gave the orders.

The four trucks were loaded with tomato "lugs", and they were to proceed as a group from the cannery at King George to Reedville, Virginia. Upon arriving at Reedville, they were to be unloaded and two of them were to be loaded with herring and herring roe, and the two empty trucks were to return with the two loaded trucks to King George over Route No. 3. Upon arrival at King George the two empty trucks were to be left there and their drivers were to join the drivers of the two loaded trucks and proceed to Fredericksburg.

Upon the return trip the truck which was being driven by the claimant happened to be one of the empty trucks, and when the claimant reached Warsaw upon his return, instead of proceeding to King George over Route No. 3 as directed, he drove across the Downing Bridge and then proceeded on U. S. Highway No. 17, for the purpose of permitting Chenault, who was riding with him, to stop by his mother's home, which was located on that route, to give

her a message. After having delivered his message, the claimant proceeded on in the direction of Fredericksburg. When at or near a place called Betty's Inn they met a convoy of army trucks, and one army truck pulled out of the line of traffic and collided with the truck which the claimant was driving, causing the death of Chenault and serious and permanent injuries to Grimes, the claimant.

The Industrial Commission found that at the time of the accident the claimant was not engaged in the master's business, and that his injuries did not result from an accident arising out of and in the course of the employment.

The evidence was conflicting as to whether or not Straughan, the manager of the defendant company, had instructed all of the truck drivers to return over Route No. 3 to King George. All of the witnesses testified that such instructions were given except Grimes himself. He testified that he did not hear any such instruction. The preponderance of the evidence discloses that the instructions were given, and upon this conflict the Industrial Commission has resolved the question in favor of the defendant company. This finding of fact by the Industrial Commission is clearly supported by the evidence. This court has held in many cases that a finding of fact by the Industrial Commission, supported by substantial evidence, is conclusive. Two of the latest cases are *Kelly* v. *Pendleton Const. Co.*, 182 Va. 191, 28 S. E. (2d) 621, and *Carter* v. *Hercules Powder Co.*, 182 Va. 282, 28 S. E. (2d) 736.

Before compensation can be awarded a claimant it is essential that the injuries be occasioned by an accident arising out of and in the course of the employment. See Code, sec. 1887(2)(d) (Michie). (This section was amended in 1944. See Acts of Assembly, 1944, page 97. However, the amendment has no bearing on this case.)

Only a question of fact is involved here. Was the claimant instructed by his superior to return to King George over Route No. 3? The preponderance of the evidence requires an affirmative answer. Upon this evidence the ques-

tion has been resolved by the Industrial Commission against the claimant, and we are of the opinion that this conclusion is abundantly supported.

The order is affirmed.

*Affirmed.*