COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


PATRICK FRANK BRYAN

                                            MEMORANDUM OPINION*

v.    Record No. 1800-98-2                   PER CURIAM
                                       OCTOBER 19, 1999

HIGHWAY CARRIERS, INC. AND
 NATIONAL UNION FIRE INSURANCE
 COMPANY OF PITTSBURGH


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Patrick F. Bryan, pro se, on brief).

No brief for appellees.


Patrick Frank Bryan (claimant) contends that the Workers'
Compensation Commission (commission) erred in (1) denying his
request for a rehearing based on after-discovered evidence; (2)
failing to strike the defenses of Highway Carriers, Inc. and its
insurer (hereinafter referred to as "employer") on the ground
that claimant did not receive employer's answers to his
interrogatories and employer failed to notify claimant of its
intent to rely on the defense that he had deviated from his
route at the time of his accident; (3) finding he failed to
prove he sustained an injury by accident arising out of and in
the course of his employment on September 22, 1997; and (4)
finding that employer proved that he committed willful

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

misconduct pursuant to Code § 65.2-306. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

                                I.

As the party seeking to reopen the record on the basis of after-discovered evidence, claimant bore the burden of proving that "(1) the evidence was obtained after the hearing; (2) it could not have been obtained prior to the hearing through the exercise of reasonable diligence; (3) it is not merely cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result before the commission." Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995).

In denying claimant's request on review for the opportunity to present additional witness testimony and a Department of Motor Vehicles (DMV) report to rebut evidence presented at the hearing, the full commission found as follows:

> The claimant did not present the DMV report
> to the Commission before the record closed.
> We do not find that the claimant who was
> represented by counsel would be unduly
> surprised that his driving record may be
> relevant to a claim originating from a motor
> vehicle accident. Moreover, this evidence
> existed and was readily obtainable prior to
> the Hearing. The failure to obtain
> testimony and records that were available
> and known does not satisfy the diligence
> requirement. . . . With regard to

                            - 2 -

witnesses, the legally-represented claimant was aware that he could present other witnesses. He replied in his answers to interrogatories that no other witnesses would testify. By letter of December 12, 1997, the Deputy Commissioner requested that the claimant submit a synopsis of expected witness testimony, if any. The proposed new evidence fails to qualify as essential after-discovered evidence. We do not find that the DMV report and the witness testimony are of such crucial character and that this evidence could not have been obtained prior to the record closing through the exercise of reasonable diligence.

Credible evidence supports the commission's findings. Based upon these findings, the commission could conclude that claimant had ample opportunity to obtain the DMV report and the witnesses' testimony before the hearing, but failed to do so. Because claimant did not satisfy the second prong of the Williams test, the commission did not err in denying his request for a rehearing to introduce after-discovered evidence.

## II.

We find, as did the commission, that claimant waived any objection regarding employer's answers to interrogatories and notification of the deviation defense, by failing to object at the hearing when the deputy commissioner recited employer's defenses, including the deviation defense. As the commission noted, at the hearing, claimant, who was represented by counsel, "did not claim to be surprised and did not move to strike the

defense.  Also, they did not raise any objections at the Hearing regarding the interrogatories or the answers."

Furthermore, claimant initiated discussion regarding his route of travel during his direct testimony and was questioned regarding his route in his deposition prior to the hearing. Under these circumstances, the commission did not err in finding that "claimant had sufficient opportunity to address and prepare for the deviation defense."

                                III.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  A finding by the commission that an injury did not arise out of and in the course of employment is a mixed finding of law and fact and is properly reviewable on appeal.  See City of Richmond v. Braxton, 230 Va. 161, 163-64, 335 S.E.2d 259, 261 (1985).

"In order to establish entitlement to compensation benefits, the claimant must prove, by a preponderance of the evidence, an injury by accident which arose out of and in the course of his employment."  Classic Floors, Inc. v. Guy, 9 Va. App. 90, 95, 383 S.E.2d 761, 764 (1989).  Unless we can say as a matter of law that claimant met his burden of proof, the commission's findings are binding and conclusive upon us.  See

- 4 -

Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

"'[A]n accident occurs in the "course of employment" when it takes place within the period of employment, at a place where the employee may be reasonably expected to be, and while he is reasonably fulfilling the duties of his employment or is doing something which is reasonably incidental thereto.'"  Thore v. Chesterfield County Bd. of Supervisors, 10 Va. App. 327, 331, 391 S.E.2d 882, 885 (1990) (citations omitted).

The issue of whether employer had instructed claimant to drive his truck on a specific route and whether, at the time of his accident, claimant had substantially deviated from that route, thereby removing him from the course of his employment, depended solely upon the credibility of the witnesses.  The commission summarized the conflicting testimony and its findings as follows:

> The claimant testified that the employer told him to take U.S. Route 17.  This testimony contradicts [Randall L.] Huntsinger's testimony that the claimant was told to travel I-95 and to avoid U.S. Route 17.  Faced with these inconsistencies, the Deputy Commissioner determined that Huntsinger's testimony was the more credible and that his "demeanor and the presentation of his testimony" was "far more convincing" than the claimant's. . . .
>
>     *     *     *     *     *     *     *
>
> . . . Also, even if we accept [claimant's] argument that he drove the

alternative route to avoid weight scales, as directed by his employer, this testimony is inconsistent with his admission that his load was within weight limitations. If the claimant's load was not overweight, there was no reason for him to detour from I-95 in order to avoid the scales. Also, the detour was significant. It seems inconsistent for such a detour to be in the employer's interest when overhead and costs are considered in conjunction with the claimant's testimony that the load was not overweight.

\*       \*       \*       \*       \*       \*       \*

The claimant testified at the Hearing that he was at the accident location as a result of the route he took pursuant to the employer's instructions. This represents a factual conflict that was decided by the Deputy Commissioner adversely to the claimant. The claimant has not alleged that he was on the entry ramp for personal comfort. He has not even testified to a minor deviation. On the contrary, the claimant's substantial deviation from the employer-directed route led to the location of the accident. . . . At the time of the accident, the claimant had not yet returned to the roadway which the employer required him to travel. Instead, he was traveling a route which the Deputy Commissioner found that the employer had expressly forbidden.

The full commission relied upon the deputy commissioner's credibility determination in reaching its decision. It is well settled that credibility determinations are within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Based upon this record, the commission was entitled to accept Huntsinger's testimony and to conclude that claimant's testimony

- 6 -

was not credible.  Accordingly, we cannot find as a matter of law that claimant's evidence proved that his accident arose out of and in the course of his employment.  See <u>Grimes v. Janney-Marshall Co.</u>, 183 Va. 317, 32 S.E.2d 76 (1944) (claimant's deviation, without permission, from employer-mandated route rendered injuries sustained in truck accident not compensable).

IV.

The commission denied compensation to claimant for the reasons set forth in part III. of this opinion.  The commission did not deny compensation to claimant based upon a willful misconduct defense.  Accordingly, we need not address this issue on appeal.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>