COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


ROY TRAVIS BLANKENSHIP
                                        MEMORANDUM OPINION*
v.    Record No. 0249-02-3                  PER CURIAM
                                         JULY 2, 2002
CSI/ARCHSTONE COMMUNITIES TRUST AND
 ZURICH AMERICAN INSURANCE COMPANY
 OF ILLINOIS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Roy Travis Blankenship, pro se, on briefs).

            (Linda D. Frith; E. Albion Armfield; Frith,
            Anderson & Peake, P.C., on brief), for
            appellees.


      Roy Travis Blankenship (claimant) contends the Workers'

Compensation Commission erred in (1) finding he failed to prove

his low back condition and headaches were causally related to

his compensable April 6, 2000 injury by accident; and

(2) refusing to consider additional evidence filed with

claimant's "Request for Review," as after-discovered evidence.

Upon reviewing the record and the parties' briefs, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

---

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I. Causation

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application, the commission deferred to the deputy commissioner's finding that claimant's testimony that the April 6, 2000 accident caused a low back injury was not credible. This credibility determination was based upon claimant's inconsistent descriptions of the onset of his low back pain and claimant's supervisor's testimony that claimant did not report low back pain to him after the April 6, 2000 accident. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Thus, we will not disturb that finding on appeal.

In reviewing the medical evidence regarding the cause of claimant's low back pain, the commission found as follows:

> [T]he initial medical records clearly illustrate that the claimant did not suffer low back pain in relation to the compensable injury. Dr. [Earl W.] Watts[, Jr.] repeatedly noted the claimant's precise complaints of upper back pain between the shoulder blades. He routinely diagnosed a

-

thoracic back strain and made no mention of the low back. Dr. Watts performed no diagnostic tests on the lumbar area. The contemporaneous physical therapy notes detail a condition involving the left parascapular and trapezius areas. There is no opinion from Dr. Watts causally connecting the low back pain to the compensable injury.

During Dr. [Louis J.] Castern's first examination, he also noted upper thoracic parascapular pain and specifically diagnosed a left thoracic strain. On April 28, 2000, the claimant complained of low back pain. Dr. Castern advised that these symptoms were "[i]n addition to his thoracic symptoms" and indicated that they were new: "[The claimant] now also has been experiencing intermittent low back pain symptoms." (Emphasis added). Dr. Castern never related the low back pain to the compensable accident.

Similarly, when Dr. [Bertram W.] Spetzler began treatment in June 2000, he focused on an upper back injury. He first examined the low back on August 4, 2000, after the claimant complained of "pain with lifting boxes." On May 14, 2001, Dr. Spetzler confirmed his belief that the low back pain was not related to the industrial accident. Lastly, Dr. [Darrell F.] Powledge concluded that the claimant's low back complaints were not causally connected to the work-related accident.

We are not persuaded by Dr. [Alvis T.] Perry's assessment, when compared to the numerous other medical opinions. Additionally, he did not begin to treat the claimant until many months after the injury by accident.

Regardless, we note that the evidence does not persuasively establish that the claimant's low back condition rendered him totally disabled. Instead, several physicians found him to be capable of

-

returning to work.  Medical reports and diagnostic studies do not show objective findings of an incapacitating low back condition.  Even if the claimant's headaches were disabling, this condition was related to the epidural steroid injections, which were performed for the non-compensable low back pain.

(Citation omitted.)

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).  The medical records of Drs. Watts, Castern, Spetzler, and Powledge amply support the commission's factual findings.  As fact finder, the commission weighed the medical evidence, accepted the opinions of Drs. Spetzler and Powledge, and rejected Dr. Perry's contrary opinion.  "Questions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In light of that lack of any opinion regarding causation from Drs. Watts and Castern and the opinions of Drs. Spetzler and Powledge that claimant's low back condition was not causally related to his compensable April 6, 2000 injury by accident, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.[1]

---

[1] We note that claimant also did not meet his burden of proving that his headaches were causally related to his compensable injury by accident because the headaches were

-

## II.   After-discovered Evidence

Claimant contends the commission erred in refusing to consider the April 10, 2000 notes of his co-worker Marty Bolden, as after-discovered evidence.  Claimant filed Bolden's notes with his request for review.

Commission Rule 3.3 provides:

> No new evidence may be introduced by a party at the time of review except upon agreement of the parties.  A petition to reopen or receive after-discovered evidence may be considered only upon request for review.
>
> A petition to reopen the record for additional evidence will be favorably acted upon by the full Commission only when it appears to the Commission that such course is absolutely necessary and advisable and also when the party requesting the same is able to conform to the rules prevailing in the courts of this State for the introduction of after-discovered evidence.

Therefore, the party seeking to re-open the record to submit after-discovered evidence must prove that "(1) the evidence was obtained after the hearing; (2) it could not have been obtained prior to the hearing through the exercise of reasonable diligence; (3) it is not merely cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result before the commission."  Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995).

---

related to steroid injections given to treat his non-compensable low back condition.

-

The evidence submitted by claimant did not meet the second prong of the requirements for admitting after-discovered evidence. The evidence existed long before the hearing date, and Bolden's notes or his testimony could have been obtained prior to or at the hearing through the exercise of due diligence. Accordingly, the commission did not err in refusing to consider such evidence.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.

-