COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


SKIP'S AUTO PARTS/ADP TOTALSOURCE AND
 RELIANCE INSURANCE COMPANY IN LIQUIDATION
                                         MEMORANDUM OPINION*
v.    Record No. 0846-02-2                   PER CURIAM
                                         SEPTEMBER 24, 2002
ELISHA DAVID RICE


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (S. Vernon Priddy III; Jeffery W. Saunders;
              Sands Anderson Marks & Miller, on brief), for
              appellants.

              (Gregory O. Harbison; Geoffrey R. McDonald &
              Associates, on brief), for appellee.


     Skip's Auto Parts/ADP TotalSource and its insurer

(hereinafter referred to as "employer") contend the Workers'

Compensation Commission erred in (1) refusing to reopen the

record and consider additional medical evidence submitted by

employer after the hearing and after the deputy commissioner

issued his opinion; and (2) finding that Elisha David Rice

(claimant) proved that he was partially disabled after February

12, 2001, as a result of his compensable left carpal tunnel

syndrome.  Upon reviewing the record and briefs of the parties,

we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

────────────────────

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I.  Additional Medical Evidence

At the April 25, 2001 hearing, Deputy Commissioner Tabb left the record open through May 18, 2001, for the purpose of taking the depositions of Dr. Kostas J. Constantine and/or Dr. Ralph E. Hagan.  The parties did not submit any depositions to the commission by that date.  On May 10, 2001, employer requested that the commission consider an April 27, 2001 letter report by Dr. Constantine to Dr. Peter VanDerMeid.

On June 11, 2001, the deputy commissioner issued his decision finding that claimant proved he suffered from left carpal tunnel syndrome causally related to his employment and awarding him temporary total disability benefits from October 9, 2000 through February 13, 2001 and temporary partial disability benefits beginning February 14, 2001 and continuing.

On June 20, 2001, employer filed a motion to vacate and reopen the record.  In that motion, employer requested that the deputy commissioner reopen the record and consider the April 12, 2001 and May 21, 2001 office notes of Dr. Robert G. Squillante, a May 10, 2001 operative report, and the April 27, 2001 letter from Dr. Constantine to Dr. VanDerMeid.

On June 28, 2001, the deputy commissioner declined to reconsider or vacate his opinion.  On review, the commission ruled that the additional medical evidence in question was "not of such a character as on re-Hearing [might] produce a different

result on the merits." In so ruling, the commission found as follows:

> Although the notes suggest ongoing symptoms including symptoms similar to carpal tunnel syndrome, no physician of record disputes the prior carpal tunnel syndrome diagnosis. Even Dr. Constantine, who now suggests that the claimant's current symptoms may be attributable to cervical stenosis, did not rescind his previous diagnosis. Thus, all four records fail to meet the requirements of Rule 3.3 and the Commission declines to consider them.

Rule 3.3 of the Rules of the Workers' Compensation Commission allows for consideration of after-discovered evidence by the full commission either by agreement of the parties or upon a petition to reopen or receive after-discovered evidence. No evidence showed that the parties agreed to the submission of the additional medical records presented by employer.

#### April 12, 2001 Office Notes

Dr. Squillante's April 12, 2001 office notes existed prior to the hearing and, therefore, employer was required to prove that those notes met the requirements for after-discovered evidence. As the party seeking to reopen the record on the basis of after-discovered evidence, employer bore the burden of proving that

> (1) the evidence was obtained after the hearing; (2) <u>it could not have been obtained prior to the hearing through the exercise of reasonable diligence</u>; (3) it is not merely cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result before the commission.

- 3 -

Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995).

No evidence showed that Dr. Squillante's April 12, 2001 office notes could not have been obtained prior to the hearing through the exercise of reasonable diligence. Furthermore, nothing showed, that if considered, the notes would produce an opposite result. Dr. Squillante opined that claimant suffered from cervical stenosis with left upper extremity numbness and weakness. However, nothing contained in Dr. Squillante's April 12, 2001 office notes contradicted Dr. Constantine's pre-existing opinion that claimant suffered from left carpal tunnel syndrome causally related to his employment, which resulted in disability. Accordingly, because employer did not satisfy the second and fourth prongs of the Williams test with respect to the April 12, 2001 office notes, the commission did not err in refusing to reopen the record to consider those notes as after-discovered evidence.

### April 27, 2001 Letter, May 10, 2001 Operative Report, and May 21, 2001 Office Notes

The April 27, 2001, May 10, 2001, and May 21, 2001 additional medical records did not address the issues before the commission concerning the compensability and causation of claimant's left carpal tunnel syndrome and his disability status with respect to those conditions as of the hearing date. Nothing in those additional reports contradicted

- 4 -

Dr. Constantine's previous carpal tunnel diagnosis and opinion that claimant's left carpal tunnel syndrome was directly related to his employment. Thus, those medical reports would not have produced a different result.

Furthermore, as the commission correctly noted, if employer contends that these additional medical records, which were created after the hearing in this case, in some way indicate another cause for claimant's ongoing current disability, employer's proper course of action is to file a change-in-condition application with the commission. Contrary to employer's assertions, the holding in Mize v. Rocky Mount Ready Mix, 11 Va. App. 601, 401 S.E.2d 200 (1991), is not applicable to this case. Unlike the situation in Mize, under the procedural posture of this case, the doctrine of res judicata would not prevent employer from filing a change-in-condition application at any point after February 14, 2001, with appropriate documentation, and proving that claimant's ongoing disability was caused by a condition other than his left carpal tunnel syndrome.

## II. Disability

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal

if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In awarding claimant disability benefits, the commission found as follows:

> On October 11, 2000, the claimant underwent both left carpal tunnel and cubital tunnel releases.  On October 23, 2000, he was restricted from using his arm in any type of employment for an additional four weeks.  On November 11, 2001, [sic] Dr. Constantine recommended that the claimant remain out of work during his physical therapy in November.  On December 15, 2000, Dr. Constantine recommended that the claimant "continue therapy, work on strengthening, keep him on light duty with no use of the left upper extremity until I see him back in one month."
>
> In a December 26, 2000, physical capacities evaluation, signed by Dr. Constantine, it is noted that the claimant should have "zero" work until January 15, 2001.  On January 4, 2001, Dr. Constantine extended the claimant's restrictions through January 29, 2001, and later advised that he should have no use of the left hand for another four weeks past January 29, 2001.  The claimant returned to work on February 14, 2001.

Based upon these factual findings, the commission affirmed the deputy commissioner's findings that claimant proved he was totally disabled from October 9, 2001 through February 13, 2001 and partially disabled beginning February 14, 2001 and continuing.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."

- 6 -

*Hungerford Mechanical Corp. v. Hobson*, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Dr. Constantine's uncontradicted medical records and opinions constitute credible evidence from which the commission, as fact finder, could reasonably infer that claimant remained partially disabled after February 12, 2001, as a result of his compensable left carpal tunnel syndrome. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." *Hawks v. Henrico County Sch. Bd.*, 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Moreover, "[i]n determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." *Wagner Enters., Inc. v. Brooks*, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Accordingly, we are bound by the commission's factual findings and will not disturb them on appeal.

For these reasons, we affirm the commission's decision.

Affirmed.