COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Willis


MARY AGNES McCARTHY JOHNSON

                                        MEMORANDUM OPINION*
v.    Record No. 0922-03-2                  PER CURIAM
                                        AUGUST 26, 2003
REGION TEN COMMUNITY SERVICE AND
 FIRE AND CASUALTY COMPANY OF CONNECTICUT


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Mary Agnes McCarthy Johnson, pro se, on
                briefs).

                (Lynn McHale Fitzpatrick; Michael D.
                Hutchinson; Franklin & Prokopik, P.C., on
                brief), for appellees.


        Mary Agnes McCarthy Johnson (claimant) contends the

Workers' Compensation Commission erred in (1) finding that she

failed to prove she was entitled to an award of temporary

partial disability benefits beginning May 2000 as a result of

her compensable March 14, 2000 injury by accident; and (2)

refusing to consider, as after-discovered evidence, Dr. Gregory

C. Degnan's July 11, 2000 disability certificate.[1]  Upon

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] Claimant raised numerous arguments and issues in her
opening brief.  However, claimant's entitlement to disability
benefits and the consideration of after-discovered evidence were
the sole issues considered by the commission, and are
dispositive of this appeal.  Accordingly, we address only those
issues on appeal.

reviewing the record and the parties' briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

## I. Disability

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application for an award of temporary partial disability benefits commencing in May 2000, the commission found as follows:

> There is no evidence of record that the claimant was disabled from work. There is no mention of disability in the [hospital emergency room's] March 14, 2000, medical report. On March 24, 2000, Dr. Thomas E. Brown, [an orthopedic surgeon,] specifically stated that the claimant was able to work with a wrist splint. On May 2, 2000, he noted that she was about 90 percent improved. The only mention of disability is found in Dr. [Davis S.] Witmer's August 15, 2000, report, in which he states that the claimant's injury "reasonably would have caused a decrease in ability to perform her full activities for a period of weeks, perhaps even 2 to 3 months." However, this statement directly contradicts the statements of her treating physicians who actually examined her during this period. Therefore, we find that the evidence does

- 2 -

not support the claimant's claim for disability benefits.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). The commission weighed the medical evidence, and determined that it was not sufficient to prove claimant sustained disability related to her compensable injury by accident. As fact finder, the commission was entitled to give little probative weight to Dr. Witmer's opinion, in light of contrary opinions of claimant's treating physicians, who contemporaneous with their examinations, did not opine that claimant was disabled from work as a result of her compensable injury by accident. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that claimant's evidence sustained her burden of proof.

## II. After-Discovered Evidence

Claimant contends the commission erred in refusing to consider Dr. Degnan's July 11, 2000 disability certificate, as after-discovered evidence. The hearing on claimant's application took place on June 21, 2002. The deputy commissioner issued his opinion on July 3, 2002. Claimant filed

- 3 -

a request for review on July 25, 2002. The commission's file contained one copy of Dr. Degnan's disability certificate, which was date-stamped as received by the commission on July 26, 2002, the same date-stamp that is affixed to claimant's request for review.

Commission Rule 3.3 provides:

> No new evidence may be introduced by a party at the time of review except upon agreement of the parties. A petition to reopen or receive after-discovered evidence may be considered only upon request for review.
>
> A petition to reopen the record for additional evidence will be favorably acted upon by the full Commission only when it appears to the Commission that such course is absolutely necessary and advisable and also when the party requesting the same is able to conform to the rules prevailing in the courts of this State for the introduction of after-discovered evidence.

Therefore, the party seeking to re-open the record to submit after-discovered evidence must prove that "(1) the evidence was obtained after the hearing; (2) it could not have been obtained prior to the hearing through the exercise of reasonable diligence; (3) it is not merely cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result before the commission." Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995).

The evidence submitted by claimant did not meet the second prong of the requirements for admitting after-discovered

evidence.  The evidence existed long before the hearing date, and could have been obtained prior to the hearing through the exercise of due diligence.  Thus, it could have been submitted to the commission before the hearing for its consideration.  Accordingly, the commission did not err in refusing to consider such evidence.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>